# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONNIE PAYNE,                        ) | |
|                                      ) | |
|         Petitioner,    ) | |
|                                      ) | |
|    v.                 ) | Civ. Action No. 10-0617 (RMC) |
|                                      ) | |
| PATRICIA STANSBERRY,                 ) | |
|                                      ) | |
|         Respondent.    ) | |

## MEMORANDUM OPINION

The United States Court of Appeals for the District of Columbia Circuit has

remanded this habeas action in part for this Court to address:

> [1] whether a COA should be granted in light of appellant's claim that
> appellate counsel had an actual conflict of interest because he served as both
> trial and appellate counsel and that appellant's claim concerning his appellate
> representation should therefore be evaluated under *Cuyler v. Sullivan*, 446 U.S.
> 335 (1980), and [2] his claim that he was denied his right to appellate counsel
> when appellate counsel failed to argue on appeal that as trial counsel he had
> rendered deficient performance in failing to object to the indictment.

Order, No. 11-5300 (Mar. 2, 2012) [Dkt. # 36]. A certificate of appealability ("COA") may issue

only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). This is accomplished by "showing that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.

880, 893 n.4 (1983)). Where the petition has been denied in the district court on the merits, the

petitioner "must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Id.* at 484. In granting a COA, the Court must

specify which issues raise a substantial showing of the denial of a constitutional right. *United*

*States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000); *United States v. Weaver*, 195 F.3d 52,

53 (D.C. Cir. 1999).

      1.  <u>Mr. Payne's Conflict of Interest Claim</u>

      In *Cuyler v. Sullivan,* the United States Supreme Court addressed when a criminal

defense attorney's representation of co-defendants at trial violates the Sixth Amendment right to

the effective assistance of counsel. The Court held "that the possibility of conflict is insufficient

to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment

rights, a defendant [who raised no objection to counsel's multiple representation at trial] must

establish that an actual conflict of interest adversely affected his lawyer's performance." 446

U.S. at 350. If an actual conflict is shown, "a defendant avoids the more stringent two-part test

for ineffective assistance set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) . . . ."

*United States. v. Gantt*, 140 F.3d 249, 254 (D.C. Cir. 1998).

      The District of Columbia Circuit has determined that "[a] defense attorney has an

'actual conflict' when he is 'required to make a choice advancing [another client's] interests to

the detriment of his client's interest.' " *Id.* (quoting *United States v. Bruce*, 89 F.3d 886, 893

(D.C. Cir. 1996)) (other citation omitted) (alteration in original). This Court does not discern

how reasonable jurists could debate the inapplicability of *Cuyler* to Mr. Payne's claim predicated

on his counsel's representation solely of him and the applicability of *Strickland* to his ineffective

assistance claim. *See Mickens v. Taylor*, 535 U.S. 162, 174-75 (2002) (rejecting courts'

"unblinking[]" application of *Cuyler* to "all kinds of alleged attorney ethical conflicts," and

2

confirming that "[u]ntil . . . a defendant shows that his counsel *actively represented* conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance" under *Cuyler*.) (emphasis in original) (citations and internal quotation marks omitted).

        2.  <u>The Alleged Faulty Indictment</u>

        Mr. Payne asserts that this Court failed to address his claim that appellate counsel "rendered deficient performance" in failing to raise on appeal his ineffectiveness at trial by "not object[ing] to the indictment on the ground that it failed to charge Petitioner as an 'aider and abettor' in order to give Petitioner notice that he could have been convicted under an alternative theory." Pet. for Certificate of Appealability [ Dkt. # 25] at 4. Although the jury was instructed on aiding and abetting, which appellate counsel had argued as a point of error on direct appeal, it convicted Mr. Payne as a principal. *See generally Payne v. United States*, 697 A.2d 1229 (D.C. 1997). The District of Columbia Court of Appeals noted that Mr. Payne's argument on the aiding instruction was "without merit" because "[t]here was sufficient evidence to convict Payne either as a principal or as an aider and abettor, and the jury could properly return a general verdict against Payne without specifying whether he was a principal or an aider and abettor." *Payne*, 697 A.2d at 1235 n.12 (citing *Greer v. United States*, 600 A.2d 1086, 1088 n.4 (D.C. 1991)).

        Even if appellate counsel had specifically argued his ineffectiveness as Mr. Payne suggests, no reasonable jurists applying the *Strickland* standard could debate his inability to establish a Sixth Amendment violation since it is highly improbable that the D.C. Court of Appeals would have decided the direct appeal any differently. *See Strickland*, 466 U.S. at 692 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the judgment."); *id* at 694 (In

establishing prejudice, "[t]he defendant must show that there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome.").

   For the foregoing reasons, the Court finds no grounds for issuing a COA based on

the remanded claims.  The Clerk is directed to transmit this Memorandum Opinion immediately

to the appellate court.


Date:   April 2, 2012       _____/s/_____
             ROSEMARY M. COLLYER
             United States District Judge